# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRY LEE GRIST,

    Defendant.

Case No. CR-05-064-RAW
(Related Case No. CIV-07-117-RAW)

## ORDER

This matter comes before the court on Defendant's motion titled, "Motion in the Nature of Writ of Error *Coram Nobis* and/or Writ of *Audita Querela* to Set Aside Conviction Pursuant to the All-Writs Act, 28 U.S.C. § 1651(a)" [Docket No. 68]. In addition to this seventeen (17) page motion, Defendant also filed a twenty-eight (28) page "Memorandum Brief in Support of" his motion [Docket No. 69].

On October 4, 2005, Defendant was found guilty of both Counts 1 and 2 of the Indictment charging him with possession with intent to distribute methamphetamine, a Schedule II Controlled Substance. On January 9, 2006, Defendant was committed to the custody of the Bureau of Prisons for a term of 210 months on Count 1 and 240 months on Count 2, the terms on Counts 1 and 2 to be served concurrently.

The Judgment was entered on January 17, 2006. Defendant filed an appeal, and on September 1, 2006, the Tenth Circuit rendered its Decision affirming Defendant's conviction. On April 23, 2007, Defendant filed a motion pursuant to 28 U.S.C. § 2255. This court denied Defendant's § 2255 motion on March 24, 2008. Defendant filed an appeal, and on November 6,

2008, the Tenth Circuit rendered its Decision affirming the denial of Defendant's § 2255 motion. On February 4, 2009, Defendant filed a Petition for Writ of Certiorari with the United States Supreme Court. That Petition was denied on March 9, 2009.

On March 12, 2010, Defendant filed a motion titled, "Motion to Set Aside September 27, 2005, Suppression Proceedings and Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) & (d)(3)." The court denied that motion, informing Defendant that Rule 60(b) is not applicable to criminal proceedings. The court declined to recharacterize the motion as a § 2255 motion, as it would have been denied in any event since Defendant had not obtained authorization to file a successive § 2255 motion.

Now before the court is Defendant's latest filing, this one pursuant to 28 U.S.C. § 1651(a). Section 1651(a) states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has stated that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (citing Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985))

Moreover, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." Id. (citing United States v. Smith, 331 U.S. 469, 475 n. 4 (1947)). In this case, 28 U.S.C. § 2255 provides applicable law. Of course, Defendant has already his filed a § 2255 motion. In order to file a second or successive § 2255 motion, the motion must first be certified by the Tenth Circuit Court of Appeals as

2

provided in section 2244 to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Defendant argues that he has discovered new evidence and should be granted relief. Specifically, he argues that an investigator recently obtained all of the police reports filed with the Atoka Police Department from January 1, 2005 through July 31, 2005. He examined the reports and found none involving Moreland's Tire Shop. Based on this evidence, Defendant argues that Officer's Moore's testimony that tires had been stolen from Moreland's Tire Shop was false, and thus, the court should set aside its ruling on the motion to suppress.

The court first notes that even if it is true that no reports involving Moreland's Tire Shop were filed in that six (6) month period, that fact alone would certainly not convince the court that Officer Moore's testimony was false. Six (6) months is a very short span of time. Surely Defendant does not expect the court to surmise that simply because no such police reports had been filed within the six (6) months preceding his arrest that tires were not stolen from Moreland's in the relatively recent past. In any event, the court's opinion as to these facts is not necessary.

If Defendant believed that Officer Moore was lying about tires having been stolen from Moreland's, Defendant could have gathered the police reports from the Atoka Police Department during his trial, during his appeal, or even before filing his first § 2255 motion. The time for providing such evidence to the court has passed.

Moreover, while Defendant characterizes his motion as one that brings new evidence, this is not evidence that "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [the Defendant] guilty of the offense." Nevertheless, this is not for this court to decide. The Tenth Circuit would be the appropriate court if Defendant wished to seek certification of a second or successive § 2255 motion.

The court has discretion to transfer this motion to the Tenth Circuit if it determines it is in the interest of justice to do so pursuant to 28 U.S.C. § 1631. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The court does not, however, believe it is in the interest of justice to transfer this particular motion. The court, therefore, declines to do so.

For these reasons, Defendant's motion [Docket No. 68] is hereby DENIED.

IT IS SO ORDERED this 22nd day of October, 2010.

**Dated this 22nd Day of October 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0